## IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

**Sammy Gross, as the Administrator of the Estate
Of Pauline Tillman Wagner, deceased and
on behalf of her heirs and wrongful
death beneficiaries,**

**Plaintiff,**

**v.**

CASE NO. $CV2014-012GCD$
JURY DEMANDED

**GGNSC Southaven, LLC d/b/a Golden Living Southaven,
Golden Gate National Senior Care, LLC,
GGNSC Equity Holdings, LLC,
GGNSC Clinical Services, LLC,
GPH Southaven, LLC,
GGNSC Holdings, LLC,
GGNSC Administrative Services LLC
Geary Property Holdings, LLC,
Beverly Enterprises Inc.,
Pearl Senior Care, LLC, and
Drumm Corp, LLC,**

**Defendants.**

### COMPLAINT

Comes now the plaintiff by and through her attorneys and for her complaint states and alleges:

1.     Ms. Pauline Wagner was admitted to the Golden Living Center in Southaven, DeSoto County, Mississippi on February 3, 2009. Pauline Wagner died on July 12, 2012 as a direct result of the defendants' failure to provide her with the care she needed to live.

2.     Mr. Sammy Gross is the duly appointed Administrator of the Estate of Pauline Wagner.

3.     Jurisdiction and venue are proper in this court.

FILED

JAN 21 2014

*[signature]*
Circuit Court Clerk, Desoto County, MS

1

4.     GGNSC Southaven is a Delaware for-profit limited liability company with its principal place of business in Southaven, Mississippi. At all times relevant to this action GGNSC Southaven LLC had a license to operate a skilled nursing facility known as the Golden Living Center Southaven.

5.     At all relevant time Golden Living Center Southaven did business as a for-profit nursing home. Golden Living Center Southaven was in business of providing care and treatment to people who were unable to care for themselves.

6.     GGNSC ADMINISTRATIVE SERVICES LLC is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas. At all relevant times, GGNSC Administrative Services provided administrative and related services to Golden Living Center Southaven pursuant to written contracts.

7.     At all relevant times defendant GGNSC ADMINISTRATIVE SERVICES, LLC received money and profited from the operation of Golden Living Center Southaven. Moreover, GGNSC Administrative Services, LLC controlled or had the right to and did control the financial aspects of operation of Golden Living Center Southaven and was a member of the joint enterprise that operated the Golden Living Center Southaven.

8.     GGNSC CLINICAL SERVICES LLC is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas. GGNSC Clinical Services provides clinical services to Golden Living Center Southaven pursuant to a written contract.

9.     At all relevant times defendant GGNSC CLINICAL SERVICES, LLC received money and profited from the operation of Golden Living Center Southaven. Moreover, GGNSC Clinical Services, LLC controlled or had the right to and did control the clinical

2

aspects of operation of Golden Living Center Southaven and was a member of the joint enterprise that operated the Golden Living Center Southaven.

10.     Golden Gate National Senior Care LLC is a Delaware limited liability company. Golden Gate National Senior Care LLC is the sole member of GGNSC Equity Holdings LLC. GGNSC Holdings LLC is the sole member of Golden Gate National Senior Care LLC.

11.     At all relevant times defendant Golden Gate National Senior Care LLC received money and profited from the operation of Golden Living Center Southaven. Moreover, Golden Gate National Senior Care Center, LLC controlled or had the right to and did control both the clinical and financial aspects of operation of Golden Living Center Southaven and was a member of the joint enterprise that operated the Golden Living Center Southaven.

12.     GGNSC Equity Holdings is a Delaware limited liability company. GGNSC Equity Holdings LLC is the sole member of GGNSC Southaven LLC. In addition GGNSC Equity Holdings LLC leases the real property of the Golden Living Center Southaven from GPH Southaven LLC. In turn GGNSC Equity Holdings LLC subleases the real property to GGNSC Southaven LLC. GGNSC Equity Holdings leases the real property to an entity of which it the sole member.

13.     At all relevant times defendant GGNSC Equity Holdings LLC received money and profited from the operation of Golden Living Center Southaven. Moreover, GGNSC Equity Holdings, LLC controlled or had the right to and did control the clinical and financial aspects of operation of Golden Living Center Southaven and was a member of the joint enterprise that operated the Golden Living Center Southaven.

3

14.     GPH Southaven LLC is a Delaware Limited Liability Company and is the owner of the real estate where Golden Living Center Southaven is located. GPH Southaven LLC leases the real estate to GGNSC Equity Holdings LLC who in turn subleases the property to GGNSC Southaven LLC. GPH Southaven, LLC sole member is Geary Property Holdings, LLC.

15.     At all relevant times defendant GPH Southaven LLC received money and profited from the operation of Golden Living Center Southaven and was a member of the joint enterprise that operated the Golden Living Center Southaven.

16.     GGNSC Holdings LLC is a Delaware Limited Liability Company. GGNSC Holdings, LLC had the right to and did control, direct and/or otherwise manage the care given at the Golden Living Center Southaven nursing home.

17.     At all relevant times defendant GGNSC Holdings LLC received money and profited from the operation of Golden Living Center Southaven. Moreover, GGNSC Holdings, LLC controlled or had the right to control the clinical and financial aspects of operation of Golden Living Center Southaven and was a member of the joint enterprise that operated the Golden Living Center Southaven.

18.     Geary Property Holdings LLC is a Delaware Limited Liability Company with its principal place of business in Fort Smith, Arkansas. Geary Property Holdings, LLC is the sole member of GPH Southaven, LLC.

19.     At all relevant times defendant Geary Property Holdings, LLC received money and profited from the operation of Golden Living Center Southaven. Moreover, Geary Property Holdings, LLC was a member of the joint enterprise that operated the Golden Living Center Southaven.

4

20.    Beverly Enterprises, Inc. is a foreign for-profit corporation.    Beverly Enterprises, Inc. is the sole member of Geary Property Holdings, LLC.

21.    At all relevant times, defendant Beverly Enterprises, Inc. received money and profited from the operation of Golden Living Center Southaven.  Moreover, Beverly Enterprises, Inc. was a member of the joint enterprise that operated the Golden Living Center Southaven.

22.    Pearl Senior Care, LLC is a Delaware Limited Liability Company.  Pearl Senior Care, LLC owns and controls all of the stock Beverly Enterprises, Inc.

23.    At all relevant times, defendant Pearl Senior Care, LLC received money and profited from the operation of Golden Living Center Southaven.  Moreover, Pearl Senior Care, LLC was a member of the joint enterprise that operated the Golden Living Center Southaven.

24.    Drumm Corp, LLC is a Delaware Limited Liability Company, is the sole member of both Pearl Senior Care, LLC and GGNSC Holdings, LLC as well as being the parent company of all the defendants.  Drumm Corp, LLC had the right to and did control, direct and/or otherwise manage the care given at the Golden Living Center Southaven nursing home and controlled all the other defendants directly or indirectly. Drumm Corp, LLC had the right to control the amount of money and resources spent on resident care at the Golden Living Center Southaven.  Drumm Corp, LLC also had the ability to control the rents that was charged to the Golden Living Center Southaven.

25.    At all relevant times defendant Drumm Corp, LLC received money and profited from the operation of Golden Living Center Southaven.  Moreover, GGNSC Holdings, LLC controlled or had the right to control the clinical and financial aspects of

5

operation of Golden Living Center Southaven and was a member of the joint enterprise that operated the Golden Living Center Southaven.

26.     Upon information and belief all the defendants are controlled directly or indirectly by the same individual Mr. Ronald Silva.

27.     Plaintiff has complied with all statutory conditions precedent or concurrent with bringing this action. Plaintiff has provided Defendants with legally sufficient pre-suit notice of her intent to institute these proceedings pursuant to Miss. Code. Ann. § 15-1-36. See Notices of Intent, attached hereto as Exhibit "A." Plaintiff attaches as Exhibit "B" to this Complaint the Certificate of Expert Consultation pursuant to Miss. Code. Ann. § 11-1-58.

### JOINT ENTERPRISE

28.     The defendants are and at all relevant times were engaged in a joint enterprise, in that:

1.     GGNSC Southaven LLC, Golden Gate National Senior Care LLC, GGNSC Equity Holdings LLC, GGNSC Clinical Services LLC, GGNSC Administrative Services LLC, GPH Southaven LLC, GGNSC Holdings LLC, Geary Property Holdings, LLC, Beverly Enterprises, Inc., Pearl Senior Care, LLC and Drumm Investors, LLC had a mutual understanding for the common purpose of operating the Golden Living Center Southaven; and

2.     GGNSC Southaven LLC, Golden Gate National Senior Care LLC, GGNSC Equity Holdings LLC, GPH Southaven LLC, GGNSC Clinical Services LLC, GGNSC Administrative Services LLC, GGNSC Holdings LLC, Geary Property Holdings, LLC, Beverly Enterprises, Inc., Pearl Senior Care, LLC and Drumm Corp each had a right to a voice in the direction and control of the means to carry out this common purpose.

29.     The defendants are an association of entities that operate as a joint venture or a single business enterprise for profit. The defendants combine their property, money, skill and knowledge to operate Golden Living Center Southaven. At all times relevant

6

hereto Defendants were engaged in a common enterprise or joint venture for profit. The defendants established the many corporations to divert resources and profits that would otherwise be available for resident care and for the purpose of avoiding responsibility and liability for the injuries to the residents of the nursing homes they operate and control. The diversion of these resources and profits directly affected the care given to Pauline Wagner and was a proximate cause of her injuries and death.

30. GGNSC Southaven, LLC's sole member is GGSNC Equity Holdings, LLC. The real property where the Golden Living Center Southaven operates is owned by GPH Southaven, LLC who leases the property to GGNSC Equity Holdings, LLC who in turn sub-leases the property to GGNSC Southaven, LLC of which it is the sole member.

31. GGNSC Equity Holdings, LLC sole member is Golden Gate National Senior Care, LLC. Golden Gate National Senior Care LLC sole member is GGNSC Holdings LLC. GGNSC Holdings LLC sole member is Drumm Corp, LLC.

32. GGNSC Administrative Services, LLC sole member is GGNSC Holdings, LLC.

33. GGNSC Clinical Services, LLC sole member is Golden Gate National Senior Care, LLC.

<u>NEGLIGENCE</u>

34. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 33.

35. On February 3, 2009, Pauline Wagner was accepted as a resident at Golden Living Center Southaven.

36. Pauline Wagner required skilled nursing care and was totally dependent

7

upon defendants for her care. By accepting Pauline Wagner as a resident at Golden Living Center Southaven, defendants agreed to provide her with skilled nursing care and activities of daily living so that she could attain or maintain her highest practicable physical, mental and psychosocial well-being and to meet her needs.

37.     Pauline Wagner was treated for bronchitis during May and June of 2012.

38.     Pauline Wagner had an order for antibiotics but they were not administered to her per physician's orders.

39.     Pauline Wagner was transported to Baptist Memorial Hospital-Desoto on July 9, 2012.

40.     Pauline Wagner was unresponsive at this time and was in septic shock.

41.     Pauline Wagner expired at Baptist Memorial Hospital-Desoto.

42.     Pauline Wagner's death certificate reflects that she died from sepsis.

43.     Defendants had the right to and did in fact participate, control and direct the day-to-day operation of the Golden Living Center Southaven, including the manner in which Golden Living Center Southaven treated and cared for Pauline Wagner. The direct participation and control of the defendants over Golden Living Center Southaven went beyond mere oversight and commission of acts consistent with any investor or owner and was a proximate cause of the injuries and death of Pauline Wagner.

44.     Defendants owed a duty of care to Pauline Wagner, which included, but was not limited to:

    a.     Complying with applicable federal regulations, state statutes and rules, and professional standards of care regarding the operation of a nursing home;

    b.     Caring for Pauline Wagner in a manner and in an environment that promotes maintenance or enhancement Pauline Wagner's quality of life;

c.   Ensuring that Pauline Wagner received the necessary care and services to attain or maintain her highest practicable physical, mental and psychosocial well-being;

d.   Providing sufficient trained nursing staff to provide nursing and related services to allow Pauline Wagner to attain or maintain her highest practicable physical, mental, and psychosocial well-being;

e.   Ensuring that direct care staff were competent and trained in the skills and techniques necessary to care for Pauline Wagner's needs, and were able to perform their assigned duties;

f.   Providing sufficient goods and services for Pauline Wagner as were necessary for her to avoid physical harm and mental anguish; and

g.   Ensuring that the facility be administered in a manner that enables it to use it resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident including Pauline Wagner.

45.   Defendants were negligent in the care and treatment of Pauline Wagner. Defendants breached each of the duties they owed to Pauline Wagner, set forth in paragraph 38. As a direct result of the breach of these duties Pauline Wagner suffered injuries and died.

46.   Moreover, the licensed and non-licensed staff at Golden Living Center Southaven's, had a duty to provide personal care to Pauline Wagner, including providing food, water, and personal hygiene that was within the general knowledge and experience of lay people. The defendants were negligent in that they failed to provide even these most basic needs to Pauline Wagner and as a result Pauline Wagner suffered and died.

47.   The defendants were each negligent by failing to provide reasonable day-to-day administrative, operational, planning, management, and quality control services of Golden Living Center Southaven. As a direct result of these failures Pauline Wagner suffered and died.

48.     Defendants failed to have sufficient trained nursing staff and adequate supplies at the Golden Living Center Southaven to provide nursing and related services to allow Pauline Wagner to attain or maintain the highest practicable physical, mental, and psychosocial well-being. As a direct result of this failure Pauline Wagner suffered and died.

49.     Defendants failed to supervise resident care, failed to enforce resident care guidelines, and failed to ensure that direct care staff at the Golden Living Center Southaven were competent in the skills and techniques necessary to care for Pauline Wagner's needs and able to perform their assigned duties. As a direct result of these failures Pauline Wagner suffered and died.

50.     Defendants' negligence resulted in the dangerous delivery of health care to the residents of Golden Living Center Southaven, including Pauline Wagner, all of which caused Pauline Wagner to suffer injuries and death.

<u>MEDICAL MALPRACTICE</u>

51.     Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 50.

52.     Defendants as well as their owners, agents, servants and employees had a duty and were guilty of negligence by failing to meet the requisite standard of due care, skill and practice ordinarily exercised by members of their profession under the same or similar circumstances in one or more of the following ways:

a.     By failing to consistently monitor and assess Pauline Wagner's physical condition;

b.     By failing to adequately supervise or monitor Pauline Wagner's care and condition so as to prevent dehydration and infection;

10

c.      By failing to prevent infections;

d.      By failing to formulate and follow a plan of care;

e.      By failing to follow physician orders;

f.      By failing to keep Pauline Wagner free from abuse and neglect;

g.      By failing to treat Pauline Wagner in a dignified manner;

h.      By failing to provide Pauline Wagner with adequate nursing care;

i.      By failing to timely detect changes in condition;

j.      By failing to notify a physician of changes in condition;

k.      By failing to prevent falls;

53.     As a direct and proximate result of the negligence of defendants, Pauline Wagner suffered the following serious and permanent injuries:

a.      serious, permanent and debilitating bodily injuries;

b.      excruciating physical pain and anguish;

d.      infections;

e.      septic shock; and

f.      death.

## WRONGFUL DEATH

54.     Paragraphs 1 through 53 are incorporated herein word for word.

55.     The defendants' actions and inactions herein described were the proximate cause of Pauline Wagner's death. Accordingly, the Plaintiff brings her cause of action for Pauline Wagner's wrongful death and seeks all damages allowable under Mississippi law including but not limited to the loss of his life.

## DAMAGES

56.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 49.

57.     Pauline Wagner and her family share no blame or comparative fault in this matter, nor did they cause or contribute to cause her injuries and death.

58.     As a proximate result of the above conduct, Plaintiff is entitled to damages for medical expenses and costs, pain, suffering, mental anguish, scars and disfigurement, disability, loss of quality of life and personal dignity, humiliation, fright, and emotional distress in an amount to be determined by a jury, but in excess of $10,000.00.

59.     The acts and omissions of defendants were motivated by a desire to increase the profitability by reducing expenditures for needed staff, training, supervision and care to levels that would predictably lead to severe injury and death.

60.     Defendants' acts and omissions were wanton, willful, in conscious disregard to the health and well-being of Pauline Wagner, and/or in reckless disregard to her safety.

61.     Punitive or exemplary damages are justified.

62.     Plaintiff demands a trial by jury.

WHEREFORE, plaintiff asks for judgment jointly and severally against defendants in an amount that is fair and reasonable and in excess of the jurisdictional minimum, for punitive damages, attorney fees, costs, prejudgment interest, and for such other relief as this Court deems just and proper.

Respectfully submitted,

PETER GEE (Mississippi Bar No.: 100589)
MORGAN & MORGAN - Memphis, LLC
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Office: 901-333-1817
Fax:     901-333-1897
pgee@forthepeople.com


David A. Couch, AR BPR# 1985033
1501 N. University, Suite 228
Little Rock, AR 72207
(501) 661-1300-Telephone
(501) 661-8383-Facsimile
dacouch@aristotle.net

# MORGAN & MORGAN®

—————— *Attorneys At Law* ——————

SUITE 2600
ONE COMMERCE SQUARE
MEMPHIS, TN 38103
(901) 217-7000
FAX: (901) 333-1897

May 24, 2013

***Via Certified Mail-Return Receipt Requested***
\* M S 2 6 4 3 7 \*

| | |
|---|---|
| Drumm Corp.<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | GGNSC Equity Holdings, LLC<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Drumm Investors, LLC<br>1000 Fianna Way<br>Fort Smith, AR 72919 | Pearl Senior Care, LLC<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| GGNSC Holdings, LLC<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | Beverly Enterprises, Inc.<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Golden Gate National Senior Care, LLC<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | Geary Property Holdings<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 |
| Golden Gate National Senior Care, LLC<br>c/o Corporation Service Company<br>506 S. President Street<br>Jackson, MS 39201 | GPH Southaven, LLC<br>c/o Corporation Service Company<br>506 S. President Street<br>Jackson, MS 39201 |
| GGNSC Administrative Services, LLC<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | GGNSC Southaven, LLC<br>c/o Corporation Service Company<br>506 S. President Street<br>Jackson, TN 39201 |



GGNSC Administrative Services, LLC
c/o Corporation Service Company
506 S. President Street
Jackson, MS 39201

Golden Gate Ancillary, LLC
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19809

Golden Gate Ancillary, LLC
c/o Corporation Service Company
506 S. President Street
Jackson, MS 39201

GGNSC Clinical Services, LLC
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

GGNSC Clinical Services, LLC
c/o Corporation Service Company
506 S. President Street
Jackson, MS 39201

Golden Living Center-Southaven
Attn: Administrator
1730 Dorchester Drive
Southaven, MS 38671

Golden Living
1000 Fianna Way
Fort Smith, AR 72919

Golden Living
7160 Dallas Parkway, Suite 400
Plano, TX 75024

RE:   Our Client:           Pauline Wagner
         Date of Admission:  February 2009
         Date of Birth:        July 31, 1921
         Date of Death:       July 12, 2012
         SSN:                 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
         Our File No.:         MS26437

Dear Sir or Madam:

My firm represents the family, survivors, and wrongful death beneficiaries of Pauline Wagner, deceased. We will have an estate opened as well and this matter may involve estate claims.

Please accept this letter pursuant to Miss. Code Ann. §15-1-36(15) as putting you on notice of our representation and the possible claim. At this time, we believe that the claim revolves around the care of Pauline Wagner at Golden Living Center in Southaven, Mississippi in DeSoto County.

The legal basis of the claim revolves around the nursing and care that was provided to Ms. Wagner while she was a resident of Golden Living Center-Southaven. The claim would include but not necessarily be limited to negligence, violations of resident's rights, negligence per se, and medical malpractice. Ms. Wagner was a resident in need of care and assistance.

We believe that this claim revolves around the care that was provided while Pauline Wagner was a resident of Golden Living Center-Southaven. Specifically, these acts and omissions in care that represent this breach include, but are not limited to the following:

- Failure to properly assess patient
- Failure to follow physician orders
- Failure to notify physician of significant abnormal clinical results timely

If it were not for these omissions of care the Pauline Wagner would have survived her illness. It is our contention that Golden Living Center-Southaven caused Mrs. Wagner's demise.

I know that you will send a copy of this correspondence to your professional liability insurance carrier and/or your risk manager and/or your legal counsel. You are welcome to contact me, or your representative is welcome to contact me. Please contact me at (901) 333-1817 should you wish to attempt to resolve this matter before my office files suit.

Sincerely yours,

**MORGAN AND MORGAN-MEMPHIS LLC**

Peter B. Gee, Jr., Esq.

PBG/elt

## IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

Sammy Gross, as the Administrator of the Estate
Of Pauline Tillman Wagner, deceased and
on behalf of her heirs and wrongful
death beneficiaries,

Plaintiff,

v.                                          CASE NO. _____
                                            JURY DEMANDED

GGNSC Southaven, LLC d/b/a Golden Living Southaven,
Golden Gate National Senior Care, LLC,
GGNSC Equity Holdings, LLC,
GGNSC Clinical Services, LLC,
GPH Southaven, LLC,
GGNSC Holdings, LLC,
GGNSC Administrative Services LLC
Geary Property Holdings, LLC,
Beverly Enterprises Inc.,
Pearl Senior Care, LLC, and
Drumm Corp, LLC,

Defendants.

## CERTIFICATE OF EXPERT CONSULTATION

STATE OF TENNESSEE

COUNTY OF SHELBY

COMES NOW Peter Byron Gee, and states the following:

1.      I am attorney of record for Plaintiff Sammy Gross, as the Administrator of the Estate of

Pauline Tillman Wagner, deceased and on behalf of her heirs and wrongful death beneficiaries in

the above-entitled action.

2.      In my capacity as attorney of record I attempted to make a thorough and complete review

of all relevant facts and circumstances involved in this matter. I reviewed the facts of the case.



3.      I have consulted with at least one (1) expert qualified pursuant to the *Mississippi Rules of Civil Procedure* and the *Mississippi Rules of Evidence* who is qualified to give expert testimony as to the standard of care or negligence in this matter.

4.      I reasonably believe that the expert I have consulted in this matter is knowledgeable in the relevant issues involved in the particular action.

5.      I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

Further Affiant sayeth not.

**PETER BYRON GEE**

On this the ⎯17th⎯ day of January, 2014 before me personally appeared PETER BYRON GEE, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

NOTARY PUBLIC

My Commission Expires:

11/17/2014