**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SAMMY GROSS, AS THE ADMINISTRATOR
OF THE ESTATE OF PAULINE TILLMAN WAGNER,
DECEASED AND ON BEHALF OF HER
WRONGFUL DEATH BENEFICIARIES** **PLAINTIFFS**


**VS.** **NO. 3:14CV00037-M-A**


**GGNSC SOUTHAVEN, LLC D/B/A GOLDEN LIVING
SOUTHAVEN, GOLDEN GATE NATIONAL SENIOR
CARE, LLC, GGNSC EQUITY HOLDINGS, LLC,
GGNSC CLINICAL SERVICES, LLC, GPH SOUTHAVEN, LLC,
GGNSC HOLDINGS, LLC, GGNSC ADMINISTRATIVE SERVICES, LLC,
GEARY PROPERTY HOLDINGS, LLC, BEVERLY ENTERPRISES,
INC., PEARL SENIOR CARE, LLC AND DRUMM CORP., LLC** **DEFENDANTS**


**<u>ORDER</u>**

On June 19, 2014, this court entered an order granting arbitration-related discovery in the above-entitled action. It appears from the docket that at least some arbitration-related discovery has been completed, since defendants have filed a supplement to their motion to compel arbitration which was pending at the time this court ordered discovery. This court did not clarify the status of defendants' pending arbitration motion at the time it ordered discovery, but it concludes that the motion should be dismissed without prejudice and that defendant should file a new motion to compel arbitration following the completion of all relevant discovery.

The court has determined that new briefing is in order partly because it would like for the parties to address the impact of the Mississippi Court of Appeal's 2013 decision in *GGNSC*

*Batesville, LLC v. Johnson*, 109 So.3d 562 (Miss. 2013) upon this case.[1]  In *Johnson*, the Court

of Appeals found that a woman who signed a nursing home arbitration agreement on behalf of

her sister did not have actual or apparent authority to do so, and it accordingly affirmed the trial

court's denial of a motion to compel arbitration.  *Johnson* appears, at least on initial review, to

involve issues similar to those here, and the court would therefore like for the parties to address it

in any renewed motion to compel arbitration.  The court would also like for the parties to address

Judge Debra Brown's pending case in *Cotton v. GGNSC Batesville, LLC*, 2014 WL 3696066

(N.D. Miss. 2014), which likewise involves similar issues as the instant one.

     The court notes that the agency issues in this case appear to be particularly difficult and

close ones.  Indeed, defendants note in their supplemental response that the signatory of the

arbitration agreement in this case, plaintiff Sammy Gross, made what may be regarded as

damaging statements in his deposition that he had authority to sign the arbitration agreement on

his mother's behalf.  Specifically, Gross testified as follows:

> Q. And you believe, then, having looked through it, that this would have been some of
> the documents you would have signed on behalf of your mother as her representative at
> the time she was admitted to the nursing home?
> A. Yes.
> Q. And as with the other documents we have discussed, you executed this with her
> permission and authority to do so on her behalf?
> A. Yes.

At the same time, Gross also testified that his mother was in the early stages of dementia, and

there may well prove to be triable fact issues regarding the arbitration issues in this case.

     Competency issues aside, the court would like for the parties to brief the issue of whether

verbal statements by plaintiff's mother, authorizing him to sign an arbitration agreement on her

behalf, would be sufficient under Mississippi law to grant him actual authority to do so.  The

---

[1]The court notes that *Johnson* involved the same nursing home defendant as in this case,
represented by the same counsel.

court is aware of some Mississippi authority arguably suggesting that the answer to this question may be "no." *Adams Community Care Center, LLC v. Reed*, 37 So.3d 1155 (Miss. 2010). The Mississippi Supreme Court arguably suggested in *Adams* that either a formal power of attorney or health care surrogacy agreement was required in order to allow either of the sons in that case to sign a nursing home agreement on behalf of their mother, and there is no suggestion that any such agreement was executed in this case.[2] Regardless, it is clear that the legal issues in this case are difficult ones, and the court concludes that it would benefit from additional briefing in this regard from the parties.

It is therefore ordered that defendants' motion to compel arbitration [25-1] is dismissed without prejudice.

SO ORDERED this 3rd day of September, 2014.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] The court is also cognizant of the fact, however, that the U.S. Supreme Court has held that the policy considerations behind the Federal Arbitration Act preclude a state court, even a state's highest court, from singling out arbitration agreements for harsher treatment than other contracts. *See AT&T Mobility v. Concepcion*, 563 U.S. 321 (2011). Accordingly, there are limits to the deference which this court should appropriately show to state court decisions in arbitration cases. *Concepcion* makes it clear that, if federal courts conclude that state courts are, in fact, singling out arbitration contracts for harsher treatment than other contracts, then they are bound by the Federal Arbitration Act to not apply that authority. In so noting, the court does not suggest that the Mississippi Supreme Court has overstepped its bounds in this regard, but it would be remiss if it did not at least mention this issue.